UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 24-40604-EDK |
| ACT HOSPITALITY INC. ) | CHAPTER 11 |
| ) | |
| DEBTOR ) | |

**ORDER APPROVING MOTION TO SELL SUBSTANTIALLY ALL ASSETS OF ACT HOSPITALITY, INC., INCLUDING LIQUOR LICENSE AND PERSONALTY FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS AND ASSUMPTION AND ASSIGNMENT OF NONRESIDENTIAL REAL PROPERTY LEASE AND WAIVER OF STAY PURSUANT TO RULE 6004(h)**

This matter having come before this Court upon the *Motion to Sell Substantially All Assets of ACT Hospitality, Inc., Including Liquor License and Personalty, Free and Clear of All Liens, Claims, Encumbrances, and Interests, and Assumption and Assignment of Nonresidential Real Property Lease, Determination of Broker's Compensation, and Request for Abbreviated Notice Period* [Doc. No. 112] (the "Sale Motion") filed by ACT Hospitality, Inc., the debtor and debtor-in-possession in the above-captioned case (the "Debtor"), seeking entry of an order authorizing the Debtor to sell substantially all of the Debtor's assets, including its Town of Franklin Seven Day CV All Alcoholic Beverages License, License Number 07140-RS-0430 and all of its assets located at 391 E. Central St., Franklin, MA ("Premises"), and to assume and assign its interest in its lease with Greenland Group LLC successor to Jaquer and Bill LLC (the "Lease") (collectively, the "Assets") to Franklin Hospitality Group, LLC (the "Purchaser") for the purchase price of $130,000.00, unless a higher and better offer was received, free and clear of all liens, claims, encumbrances and interests, with such liens, claims, encumbrances and interests to attach to the net proceeds of the sale. The Court

1

has determined that, having received no objections and no higher or better offers, the Assets shall be sold to the Purchaser for the purchase price of $130,000.00 (the "Purchase Price").

It appears that due and sufficient notice of the Sale Motion, Sale Notice,[1] and the Lease Assumption Notice has been provided. This Court is satisfied that the relief requested in the Sale Motion is in the best interests of the Debtor's bankruptcy estate (the "Estate"); and after due deliberation, good cause appearing therefore:

IT IS HEREBY FOUND AND DETERMINED THAT:

A. This Court has jurisdiction over the Sale Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b). Consideration of the Sale Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. The Debtor has articulated good and sufficient reasons for this Court to grant the relief requested in the Sale Motion, including approval of the form and manner of service of the Sale Notice and Lease Assumption Notice.

C. The Debtor filed certificates of service on March 3, 2025 [Doc. Nos. 116 and 117] demonstrating that appropriate notice of the Sale Motion, Sale Notice, and Lease Assumption Notice was given to all parties in interest.

D. The Purchaser is a good faith purchaser and entitled to the protections of 11 U.S.C. § 363(m).

E. The sale of the Assets for the Purchase Price is in the best interests of the bankruptcy estate and its creditors.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT,

---

[1] Capitalized terms not defined herein have the meaning attributed to them in the Sale Motion.

1. The Sale Motion is granted.

2. The Debtor is authorized to sell the Assets to the Purchaser, including to assume and assign the Lease, for the Purchase Price in accordance with the terms of the Sale Motion and the purchase and sale agreement between the Debtor and the Purchaser.

3. The Assets shall be delivered to the Purchaser in "as is," "where is," "how is" condition except as expressly set forth in the Sale Motion.

4. The Debtor is authorized to execute any and all documents necessary to assume and assign the Lease and effectuate the sale of the Assets.

5. The Debtor is authorized to make the following distributions from the sale proceeds at the closing:

    a. Pay a commission of $13,000 to the Broker, Northeast Restaurant Group;

    b. Pay the Cure Amount under the Lease, which is $7,000 a month from January 2025 until the closing, estimated to be in June 2025;

    c. Pay any costs associated with the transfer of the Liquor License.

6. The funds remaining after the payment of these claims, costs, and expenses shall be held by the Debtor for distribution in accordance with the Debtor's plan of reorganization.

7. This Order shall be enforceable immediately upon entry and shall not be subject to any stay of enforcement, including any stay provide by Bankruptcy Rule 6004. The provisions of this Order shall be self-executing.

Dated: March 20, 2025

_____
Elizabeth D. Katz
United States Bankruptcy Judge